IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLIED PAINTING, INC., : | |
|       Plaintiff, : | |
| : | |
| v. : | No. 04 CV 1032 |
| THE DELAWARE RIVER PORT : | |
| AUTHORITY OF PENNSYLVANIA : | |
| AND NEW JERSEY, : | |
|       Defendant. : | |

## ANSWER OF DEFENDANT DELAWARE RIVER PORT AUTHORITY OF PENNSYLVANIA AND NEW JERSEY

Defendant Delaware River Port Authority of Pennsylvania and New Jersey (the "DRPA"), by its undersigned counsel, for its answer avers as follows:

### PARTIES

1-2. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1 and 2 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

3. Denies the averments relating to the Compact contained in paragraph 3 of the Complaint as conclusions of law to which no response is required.

4. Admitted.

5. Admitted, except that the DRPA has its principal place of business at One Port Center, 2 Riverside Drive, Camden, New Jersey 08101.

### JURISDICTION AND VENUE

6-8. Denies the averments relating to jurisdiction contained in paragraphs 6-8 of the Complaint as conclusions of law to which no response is required.

## FACTS

9. Admitted, except denies that all documents made reference to in the Complaint are within the possession of the DRPA.

10. Denies each and every averment contained in paragraph 10, except admits that included in the invitation were some of the requirements and specifications of the work to be performed with respect to Contract No. WW-06-2003 (the "Contract").

11. Denies each and every averment contained in paragraph 11, except admits that Allied Painting purchased the Contract documents from the DRPA.

12. Admitted, except denies that Bulletin No. 1 was issued solely to inform interested prospective contractors of the dates and times.

13. Admitted, except denies that Bulletin No. 2 was issued solely to inform interested prospective contractors of changes to the work to be performed. To the contrary, Bulletin No. 2 described additional requirements to the Contract.

14. Admitted, except denies that Allied Painting's proposal was $11,356,560.00. To the contrary, Allied Painting's proposal was $11,381,560.00.

15. Denies each and every averment contained in paragraph 15, except admits that on December 9, 2003, the DRPA opened the sealed proposals and Allied Painting was the first apparent low bidder.

16. Denies each and every averment contained in paragraph 16 of the Complaint.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

18. Denies each and every averment contained in paragraph 18 of the Complaint.

19. Denies each and every averment contained in paragraph 19 of the Complaint, except admits that Allied Painting provided the DRPA with information relating to its insurance Experience Modification Factor.

20. Denies each and every averment contained in paragraph 20. To the contrary, the DRPA's reference check of Allied Painting's past projects revealed a lack of any experience of similar scale and complexity as work to be performed in the Contract.

21. Denies each and every averment contained in paragraph 21, except admits that Allied Painting was a subcontractor on another contract for the Walt Whitman Bridge.

22. Denies each and every averment contained in paragraph 22, except admits that in 1980, an employee of Allied Painting worked on a small project involving painting the Walt Whitman Bridge.

23. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

24. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

25. Denies each and every averment contained in paragraph 25 of the Complaint, except admits that Allied Painting's bid contained a price item for an unnamed safety inspector.

26. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

27. Denies each and every averment contained in paragraph 27 of the Complaint, except admits that Allied Painting presented a consent of surety that promised that if Allied Painting was granted the Contract, it would sign the performance bond, and that Allied Painting presented a security check in the amount of $500,000. The $500,000 security was returned to Allied Painting after the DRPA decided not to award Allied Painting the Contract.

28. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

29. Denies each and every averment contained in paragraph 29.

30. Denies each and every averment contained in paragraph 30, except admits that on December 19, 2003, representatives of the DRPA met with officials from Allied Painting to discuss its proposal.

31. Denies each and every averment contained in paragraph 31, except admits that the DRPA and Allied Painting met to discuss Allied Painting's bid proposal.

32. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32 of the Complaint, except admits that the DRPA questioned Allied Painting about its consent of surety for the performance bond.

33. Admitted.

34. Lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34 of the Complaint, and therefore denies the averments and demands strict proof thereof at trial.

35. Denies each and every averment contained in paragraph 35, except admits that as of December 24, 2003, before learning of Allied Painting's poor safety record, the DRPA verbally indicated that its bid analysis was not yet complete but so far there seemed to be no impediments.

36-39. Denies each and every averment contained in paragraphs 36-39 of the Complaint.

40. The Contract speaks for itself.

41. Denies each and every averment contained in paragraph 41, except admits that the DRPA chose not to award the Contract to Allied Painting, and instead awarded the Contract to Jupiter Painting Contracting Co., Inc..

**COUNT I: VIOLATION OF PROCEDURAL DUE PROCESS**

42-55. Pursuant to the Court's July 19, 2004 Order, the claims contained in Count I of the Complaint were dismissed.

**COUNT II: VIOLATION OF SUBSTANTIVE DUE PROCESS**

56-64. Pursuant to the Court's July 19, 2004 Order, the claims contained in Count II of the Complaint were dismissed.

**COUNT III: VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE COMMON LAW**

65. Incorporates the forgoing responses herein by reference.

66. Denies the averments contained in paragraph 66 as conclusions of law to which no response is required.

67-70. Denies the averments contained in paragraphs 67-70 of the Complaint as conclusions of law to which no response is required.

71-73. Denies each and every averment contained in paragraphs 71-73 of the Complaint.

74. Denies the averments contained in paragraph 74 as conclusions of law to which no response is required.

## DEMAND FOR JURY TRIAL

75. Incorporates the forgoing responses herein by reference.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendant DRPA because the DRPA's decision not to award Allied Painting the Contract was not arbitrary and capricious.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred and/or limited pursuant the doctrines of accord and satisfaction because the DRPA returned Allied Painting's security check after it decided not to award it the Contract.

WHEREFORE, the DRPA respectfully requests that judgment be entered in its favor and against plaintiff, together with such other relief, including attorneys' fees and costs, as the Court deems just and proper.

Dated:  August 2, 2004

Respectfully submitted,

Steven A. Arbittier
Alison Tanchyk
PA Id Nos. 02620 & 91627
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
(215) 864-8999

**Attorneys for Delaware River Port Authority of Pennsylvania and New Jersey**

## **CERTIFICATE OF SERVICE**

I, Alison Tanchyk, counsel for defendant Delaware River Port Authority of Pennsylvania and New Jersey, hereby certify that I caused the foregoing Answer to Plaintiff's Complaint to be served by United States Mail and facsimile this 2nd day of August, 2004, upon plaintiff's counsel,

>Robert J. Nolan
>503 E. Washington Ave.
>Newtown, PA 18940
>(215) 579-0500
>(215) 321-1488

>*[signature]*
>Alison Tanchyk
>PA Id. No. 91627
>Ballard Spahr Andrews & Ingersoll, LLP
>1735 Market Street, 51st Fl.
>Philadelphia, PA 19103
>(215) 665-8500
>(215) 864-8999